BARUCH S. GOTTESMAN, ESQ (BG2222)
185-12 Union Turnpike
Fresh Meadows, NY 11366–1732
Phone: (718) 454-4422
Facsimile: (212) 859-7307
baruchesq@yahoo.com
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

CHAIM N. MUSKAT; STAR FINANCIAL LLC;
and SEPHARDIC TORAH AND RETURN
CENTER, INC.,

                 Plaintiffs,

~ against ~

ALEXANDER MOSESSON (A/K/A
SENDER MOSESSON, A/K/A ALEXANDER
TENNENBAUM, A/K/A SENDER TENNENBAUM),

                 Defendant.
-----------------------------------------------------------------x

08-cv-1575
GLEESON, J.
REYES, M.J

Civil Action No.: _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

The Plaintiffs, **CHAIM N. MUSKAT, STAR FINANCIAL LLC**, and **SEPHARDIC TORAH AND RETURN CENTER, INC.**, by their attorney, Baruch S. Gottesman, Esq., complaining of the Defendant, **ALEXANDER MOSESSON** (A/K/A **SENDER MOSESSON,** A/K/A **ALEXANDER TENNENBAUM,** A/K/A **SENDER TENNENBAUM**) do allege upon information and belief as follows:

### INTRODUCTORY STATEMENT

1.    This case is about an extraordinary breach of trust by Defendant. For close to a year, from the summer of 2006 through the summer of 2007, Defendant repeatedly appealed to Plaintiff Muskat's generosity: Defendant requested and Plaintiff

Muskat provided (at great personal and professional sacrifice) limitless financial, professional and personal support to Defendant.

2. Out of Plaintiffs' naïve trust in Defendant; no promissory note was ever prepared. Further, no written record was made of the parties' understanding that any and all disputes arising out of the loans would be resolved at binding *Beth Din* (or Rabbinical court) arbitration.

3. Defendant defaulted on all of his responsibilities under the various loans made to him by Plaintiffs.

4. Beginning in December 2007 and continuing through February 2008, Plaintiffs repeated invited Defendant to *Beth Din* where this matter could be settled according to their original understanding and without the expense and publicity of this civil action.

5. Defendant continued to refuse to arbitrate or otherwise settle this matter, and on February 5, 2008 Plaintiffs received – a *heter arkaos* – or a Beth Din approval to pursue this matter in the secular courts.

6. Plaintiffs come now with their claim against Defendant to enforce their legal rights and remedies available under the applicable law.

## PARTIES

7.  Plaintiff **CHAIM N. MUSKAT** ("**Muskat**") is a natural person and New York resident having an address at 85–27 124th Street, Kew Gardens, New York, in the County of Queens in the State of New York.

8.  Plaintiff **STAR FINANCIAL LLC** ("**STAR**") is a limited liability company organized and existing under New York law and maintains an office at 185–12 Union Turnpike, Fresh Meadows, New York, in the County of Queens in the State of New York.

9.  Plaintiff **SEPHARDIC TORAH AND RETURN CENTER, INC.** ("**Sephardic**"), is a Not-for-Profit Corporation organized and existing under New York law and maintains an office at 149-05 79th Street, Suite #2, Kew Garden Hills, New York, in the County of Queens in the State of New York.

10. Upon information and belief, **ALEXANDER MOSESSON (A/K/A SENDER MOSESSON, A/K/A ALEXANDER TENNENBAUM, A/K/A SENDER TENNENBAUM)** ("Mossesson") is a natural person and a resident of New Jersey, maintaining an address at 950 Salem Avenue, Hillside, in the County of Union in the State of New Jersey.

## JURISDICTION AND VENUE

11. This action arises under the laws of the State of New York

12. This Court has jurisdiction under 28 U.S.C. § 1332(a)(2) because Plaintiffs are all citizens of New York, and Defendant is a citizen of New Jersey, and the value in controversy exceeds $75,000.00.

13. Personal jurisdiction is proper by virtue of Plaintiffs' residence in New York and by virtue of Defendant Mosesson conducting business in New York.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## FACTUAL BACKGROUND

15. Plaintiffs are all licensed by the New York State Insurance Department as Life Brokers. Additionally, Muskat is licensed by the New York State Insurance Department as a Broker.

16. In the summer of 2006, Plaintiffs Muskat and STAR and Defendant came to an understanding that Plaintiffs would assist Defendant in setting Defendant up in business as an insurance broker.

17. Beginning in or about July and August of 2006 and continuing through the summer of 2007, Plaintiffs directly lent Defendant substantial amounts of money.

18. Upon receipt of each check, Defendant expressly admitted that each check was an interest free loan.

19. Plaintiff STAR further loaned substantial additional funds to Defendant by paying for certain of Defendant's pre-licensing education courses in Queens and

Manhattan and other associated insurance licensing costs, errors and omissions insurance, and other standard and customary costs of becoming a life broker and broker.

20. Defendant expressly admitted that these funds were intended and received by Defendant as a loan.

21. Plaintiff STAR further loaned substantial funds to Defendant by directly paying for certain of Defendant's household bills including several months of Defendant's very large home mortgage.

22. The amount loaned to Defendant accounts to more than $75,000.00.

### FIRST CAUSE OF ACTION AGAINST MOSESSON
(breach of contract)

23. Defendant borrowed money from Plaintiffs and promised to return same.

24. The Defendant owes the Plaintiffs more than $75,000.00.

25. The Defendant has not paid the amount owed.

26. Plaintiffs have been damaged in the amount of more than $75,000.00.

**WHEREFORE**, Plaintiffs **CHAIM N. MUSKAT, STAR FINANCIAL LLC** and **SEPHARDIC TORAH AND RETURN CENTER, INC.**. do respectfully request judgment against Defendant **ALEXANDER MOSESSON (A/K/A SENDER MOSESSON, A/K/A ALEXANDER TENNENBAUM, A/K/A SENDER TENNENBAUM)**, on the Cause of Action against Mosesson in an amount to be determined at trial, but in no event less than $75,000.00.

By: *[signature]*
Baruch S. Gottesman, Esq. (BG2222)
*Attorneys for Plaintiffs*
185-12 Union Turnpike
Fresh Meadows, NY 11366-1732

Phone: (718) 454-4422
Facsimile: (212) 859-7307

Dated: April 15, 2008